Filed 4/9/26  Durack v. Givens CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ALEXSEI DURACK et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>DERMOT GIVENS,<br><br>    Defendant and Respondent. | B333043<br><br>(Los Angeles County<br>Super. Ct. No.<br>22STCV20402) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed.

Law Offices of Christie Gaumer and Christie Gaumer for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

_____

Plaintiffs and appellants Alexsei Durack (Durack) and Colin Fulford (Fulford) appeal from a judgment entered after a bench trial concerning a land sale installment contract. We affirm.

## BACKGROUND

### I. Facts

We summarize the trial court's factual findings, which are unchallenged on appeal. (See *Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392; *City of Merced v. American Motorists Ins. Co.* (2005) 126 Cal.App.4th 1316, 1322).

In 1988, Durack and Fulford purchased a unit in a condominium complex located on North Formosa Avenue in Los Angeles (unit). They moved out in 1995.

Dermot Givens (Givens) owned another unit in the same condominium complex. On April 30, 2012, the parties signed a land sale installment contract (contract) drafted by Durack. Givens agreed to buy the unit from Durack and Fulford for $425,000, paying $50,000 as a down payment and paying $2,495 per month for 30 years. The monthly payments were amortized to include interest. Givens agreed to complete repairs in the unit and to pay property taxes and homeowners association fees.

From May 2012 through May 2019, Givens made the monthly $2,495 payments to Durack and Fulford. Givens also spent almost $54,000 to remodel the unit.

On May 9, 2019, Givens sent an e-mail to Fulford asking for a buyout price for the unit. On May 12, 2019, Fulford responded that Givens had breached the contract, owed $2,745 in late fees, and was occupying the unit as a renter. Durack and Fulford demanded that Givens pay them $16,259 within three

days or they would not provide Givens the opportunity to purchase the unit and would instead forward him a rental agreement.

Givens filed a lawsuit on May 14, 2019, alleging contract and fraud claims against Fulford and seeking specific performance of the contract.

On June 3, 2019, Durack and Fulford made a final offer to sell the unit to Givens for $423,842, which was $79,039 more than the remaining loan balance.

Givens made no further payments to Durack and Fulford after May 2019 yet remained in the unit.

## II.  Procedural History

In June 2022, Durack and Fulford filed the complaint in this action, asserting causes of action against Givens for breach of contract, rescission of contract, judicial foreclosure, quiet title, fraud, negligent misrepresentation, intentional infliction of emotional distress (IIED), and elder abuse.  In May 2023, the trial court held a bench trial.

In its statement of final decision issued on August 4, 2023, the trial court found that Givens had breached the contract by May 2019 by failing to reimburse Durack and Fulford for property taxes, homeowners association fees, and nonsufficient funds fees.  The court found that Durack and Fulford had also breached the contract by "purporting to terminate Givens'[s] rights as an equitable vendee, by purporting to forfeit (to themselves) his investment in the property and by refusing his request for a payoff demand."  Although it did not "excuse[]" Givens's failure to make payments under the contract after May 2019, the court concluded "that the wrongfulness of [Durack and Fulford's] own conduct must be considered in evaluating the

3

wrongfulness of Givens'[s] reaction[] to [Durack and Fulford's] conduct."

The trial court rejected Durack and Fulford's claim that Givens had become a renter under the contract, instead concluding that Givens held equitable title to the unit "as an equitable vendee in possession after substantially performing the contract over a seven-year period (May 2012 to May 2019) . . . ." Givens was entitled to "a reasonable opportunity to complete the purchase by paying the entire remaining balance plus damages before [Durack and Fulford] c[ould] commence an action to terminate his possession." (See *Petersen v. Hartell* (1985) 40 Cal.3d 102, 114.) The trial court assessed $170,660.43 in damages against Givens based on his failure to pay amounts due under the contract since May 2019, including $127,245 for unpaid monthly payments. These damages would continue to accrue until the completion of the sale.

The trial court found against Durack and Fulford on their tort causes of action for fraud, negligent misrepresentation, IIED, and elder abuse. The court noted the lack of evidence that Givens did not intend to perform his obligations under the contract when he signed it in April 2012. Durack and Fulford had failed to "prove that Givens intended to cause their distress[,] . . . that his conduct was a substantial factor in causing their distress [or] that his conduct was outrageous." The court found "no evidence that Givens acted to financially injure" Durack and Fulford "given their actions against him."

On August 7, 2023, the trial court issued its judgment, in which it retained equitable jurisdiction "to structure a reasonable opportunity for Givens to complete the purchase" of the unit. If Givens did not complete the purchase, the court would "oversee

4

the termination of the . . . contract, . . . decide the parties['] offsetting claims for damages and . . . entertain [Durack and Fulford's] motion to eject Givens from the [unit] after their payment of any restitutionary damages owed to Givens."  The court denied any recovery to Durack and Fulford on their tort causes of action.

Durack and Fulford filed a timely notice of appeal from the August 7, 2023, judgment.

The trial court, having retained its jurisdiction, terminated the contract in June 2024 and terminated Givens's interest in the unit as an equitable vendee.  In October 2024, the court ordered Givens ejected from the unit.  We do not consider these postjudgment developments in resolving this appeal.  (See *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813 ["It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered"].)

## DISCUSSION

On appeal, Durack and Fulford do not challenge the trial court's factual findings or its retention of jurisdiction to oversee the completion of the sale.  They argue that the court erred in finding against them on the fraud, negligent misrepresentation, IIED, and elder abuse causes of action.  Our review is de novo. (*Guardianship of Saul H.* (2022) 13 Cal.5th 827, 847 [" 'the application of law to undisputed facts ordinarily presents a legal question that is reviewed de novo[]' "].)

### I.  Fraud and Negligent Misrepresentation

Durack and Fulford contend that the judgment against them on their causes of action for fraud and negligent

5

misrepresentation should be reversed because the trial court "fail[ed] to address" their allegations that Givens did not pay dues, that Givens "represented [Durack and Fulford's] attorney in litigation without their permission," and that Givens falsely represented that he "would buy the property per contract[.]"

We disagree. In its detailed, 20-page statement of final decision, the trial court adequately discussed these allegations. If Durack and Fulford believed the court should have made more explicit findings in the context of their fraud and negligent misrepresentation causes of action, they were required to "bring any ambiguities and omissions in the statement of decision to the . . . court's attention." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58; see also Code Civ. Proc., §§ 632, 634.) Durack and Fulford failed to do so despite filing extensive objections to other aspects of the tentative and final statements of decision.

Durack and Fulford have not demonstrated that the trial court committed any error with respect to the fraud and negligent misrepresentation causes of action. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'error must be affirmatively shown' "].)

## II. IIED and Elder Abuse

Durack and Fulford contend that the trial court should have reserved judgment on their IIED and elder abuse causes of action to assess damages on those claims if Givens did not complete the sale. By failing to provide cogent legal argument or citations to relevant authority, Durack and Fulford have forfeited the argument. (See *In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255 [" 'The absence of cogent legal argument

6

or citation to authority allows this court to treat the contentions as' forfeited"].)

Forfeiture aside, the argument is meritless. The trial court found against Durack and Fulford on their IIED and elder abuse causes of action. Accordingly, they are entitled to no damages pertaining to those claims. The court had no reason to retain jurisdiction on those causes of action, which were fully resolved by the judgment.

**DISPOSITION**

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


GILBERT, J.*


We concur:


LUI, P. J.


CHAVEZ, J.

---

*       Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.